GEORGE B. DANIELS, United States District Judge:
Petitioner Jose Eduardo Lemus-Pineda seeks immediate release from detention *474 pending the resolution of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 3.) Respondents Matthew Whittaker, Kirstjen Nielsen, Thomas Decker, James McHenry, and the United States Department of Homeland Security move to dismiss the petition or, alternatively, to transfer the case to the United States District Court for the District of New Jersey. (ECF No. 6.) Respondents' motion to transfer is GRANTED.
In Rumsfeld v. Padilla , the United States Supreme Court explained that "under the "immediate custodian rule," when a habeas petitioner raises "core challenges" to his "present physical confinement," the "default rule is that the proper respondent is the warden of the facility where the petitioner is being held, not the Attorney General or some other remote supervisory official." 542 U.S. 426, 435, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004). By contrast, "a habeas petitioner who challenges a form of 'custody' other than present physical confinement may name as respondent the entity or person who exercises legal control with respect to the challenged 'custody.' " Id. at 438, 124 S.Ct. 2711 (emphasis added).
The Padilla court expressly declined to address whether the immediate custodian rule applies to "a habeas petition filed by an alien." Id. at 435 n.8, 124 S.Ct. 2711. The Second Circuit has also declined to decide the issue. See Henderson v. INS , 157 F.3d 106, 128 (2d Cir. 1998). "A majority of district courts in this Circuit, however, have held that the immediate custodian rule applies to 'core' immigration-based habeas challenges (i.e., challenges to immigration-based detention) but does not apply to 'non-core' challenges (i.e., challenges to forms of custody other than physical confinement, such as orders of removal)." S.N.C. v. Sessions , 325 F.Supp.3d 401, 406-07 & nn.5-6 (S.D.N.Y. 2018) (collecting cases); see also Almazo v. Decker , No. 18 Civ. 9941 (PAE), 2018 WL 5919523, at *2 (S.D.N.Y. Nov. 13, 2018) (noting that a "minority of courts have concluded that venue was proper in this district even though the petitioner was confined elsewhere," but the "overwhelming majority of courts in this District have applied Padilla " to immigration habeas petitions).
Petitioner argues that the Supreme Court's decision in Braden v. 30th Judicial Circuit Court of Kentucky , 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973), provides the "governing rule for ... alien habeas petitions." (Pet.'s Mem. in Opp'n to Resps.' Mot. to Dismiss ("Opp'n"), ECF No. 9, at 5.) Braden noted that "traditional venue considerations" include "where all of the material events took place," where "the records and witnesses pertinent to petitioner's claim are likely to be found," and the "convenien[ce]" of the parties. Braden , 410 U.S. at 493-94, 93 S.Ct. 1123. However, the Padilla court distinguished Braden as a case involving a challenge to " 'custody' other than present physical confinement" and noted that "nothing in Braden supports departing from the immediate custodian rule in the traditional context of challenges to present physical confinement." Padilla , 542 U.S. at 438, 124 S.Ct. 2711.
Petitioner further argues that the "immediate custodian rule" does not apply here, because his petition "alleges both core and non-core claims." (Opp'n at 6.) Petitioner asserts that his petition alleges "non-core" claims because it "rests in part on statutory and constitutional grounds." (Id. ) However, all of the statutory and constitutional violations that he alleges stem from his detention. (See Pet., ECF No. 2, ¶ 82 ("Respondents' unilateral decision to detain Jose ... violates" the Administrative Procedures Act, 5 U.S.C. § 500 et seq. ); id. ¶ 87 ("Respondents violated Jose's due process rights by detaining *475 him ... without providing adequate procedural protections ...."); id. ¶ 93 (alleging that Petitioner's procedural due process rights are being violated because he has been "subject[ed] to prolonged detention without a meaningful hearing"); id. ¶ 103 ("Jose's ongoing detention violates his Fifth Amendment right to substantive due process ...."); id. ¶ 107 ("Petitioner's ongoing prolonged detention without a bond hearing violates the Eighth Amendment.").) Because they concern "present physical confinement" rather than "some other form of 'custody,' " Petitioner's claims are "core challenges." Padilla , 542 U.S. at 435, 438, 124 S.Ct. 2711.
Petitioner notes that two courts in this district have recently "found the legal custodian rule applies to core habeas challenges."[1] (Opp'n at 7.) However, one of the cases upon which Petitioner relies, Calderon v. Sessions , involved both core and non-core claims. 330 F.Supp.3d at 952. The court found that because "the non-core challenges predominate[d]," it made "no sense to apply the legal custodian rule to the non-core challenges and the immediate custodian rule to the core challenges, and then litigate in separate venues." Id. Here, as explained above, Petitioner has brought only core challenges.
In Madera v. Decker , the other case upon which Petitioner relies, the court applied the legal custodian rule because Immigration and Customs Enforcement's ("ICE") "relationship with Petitioner's immediate warden is governed by an intergovernmental service agreement" that does not provide the warden with "power to release detainees or provide for bond hearings." Order Den. Mot. to Dismiss or Transfer for Venue, Madera v. Decker , No. 18 Civ. 7314 (AKH) (S.D.N.Y. Sept. 28, 2018), ECF No. 30, at 6.) Petitioner makes a similar argument here, asserting that even if the "immediate custodian" rule were to be applied, Respondent Decker is his immediate custodian because decisions "regarding whether to continue to detain or release ICE detainees" are made by the ICE field office. (Opp'n at 6.) However, as another court in this district has explained, the fact that ICE makes decisions regarding Petitioner's detention "do[es] not change the fact that the warden ... is, quite literally, Petitioner's 'immediate physical custodian.' " Order Granting Mot. to Transfer Venue, Lizardo v. Whittaker , 18 Civ. 8476 (VEC) (S.D.N.Y. Dec. 5, 2018), ECF No. 11, at 5; see also Order, Golding v. Sessions , 18 Civ. 3036 (RJS) (S.D.N.Y. Dec. 6, 2018), ECF No. 19, at 6 ("[A] detainee's immediate custodian is the person who 'exercises day-to-day control' over his or her 'physical custody,' not the person who ordered such custody.") (quoting Padilla , 542 U.S. at 439, 124 S.Ct. 2711 ); Almazo , 2018 WL 5919523, at *2 ("Because [petitioner] is challenging his detention and because he is confined in New Jersey ..., 'the warden of the detention facility with physical custody of the petitioner is the immediate custodian ....' ") (citation and internal quotation marks omitted).
Therefore, this Court finds neither case Petitioner relies upon to be persuasive and will apply the immediate custodian rule. Under that rule, the "proper respondent is the warden of the facility where the petitioner is being held." Padilla , 542 U.S. at 435, 124 S.Ct. 2711. Because Petitioner is being held in the Bergen County Jail, jurisdiction over this action lies in the District of New Jersey. This Court finds that the interests of justice will be served by *476 transferring the petition to that jurisdiction rather than dismissing it entirely. See 28 U.S.C. § 1406(a).
CONCLUSION
Respondents' motion to transfer this action to the District of New Jersey, (ECF No. 6), is GRANTED. Given the significant liberty interests at stake and the time-sensitivity of Petitioner's claims, this Court waives the seven-day waiting period customarily afforded under Local Civil Rule 83.1 and directs the Clerk to effectuate the transfer as soon as possible.
SO ORDERED.

Under the "legal custodian rule," for "a non-core habeas challenge, the proper respondent is an entity or person who has legal custody of the petitioner." Calderon v. Sessions , 330 F.Supp.3d 944, 952 (S.D.N.Y. 2018) (citation omitted); see also Padilla , 542 U.S. at 438, 124 S.Ct. 2711.